UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CURTIS McDANIEL,

Plaintiff,

-against-

THE PEOPLE OF THE CITY OF NEW
YORK, et al.,

Defendants.

19-CV-11265 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

Plaintiff, currently incarcerated in Bare Hill Correctional Facility, filed this *pro se* action

under 42 U.S.C. § 1983, alleging false arrest, false imprisonment, and malicious prosecution

claims arising from an arrest in 2015. By order dated January 28, 2020, Chief Judge Colleen

McMahon determined that Plaintiff's claims appeared to be untimely and his allegations were

insufficient to state a claim for relief, but she granted him 60 days' leave to amend the complaint.

(ECF No. 6.) On March 18, 2020, Chief Judge McMahon granted Plaintiff an additional 60 days

to comply with the January 28, 2020 order. (ECF No. 8.) On April 13, 2020, the Court received

from Plaintiff a submission, which was docketed as a letter. (ECF No. 9.) This matter was later

reassigned to the undersigned.

A review of the April 13, 2020 submission suggests that Plaintiff intended it to be his

amended complaint but he did not label as such. The Court therefore construes the submission as

Plaintiff's amended complaint in response to the January 28, 2020 order. For the reasons set forth

below, the Court grants Plaintiff leave to file a second amended complaint within thirty days of

the date of this order.

## BACKGROUND

The Court assumes familiarity with the underlying facts of this case as summarized in Chief Judge McMahon's January 28, 2020 order. Plaintiff brought claims against "the People of the City of New York"; the Department of Correction; Police Officer Christopher Zollino; Detective Daniel Hull; Police Officer Darion Brooks; Assistant District Attorney (ADA) Desiree Sedehi; Judge E. Biben; Judge M. Jackson; Judge A. Scherzer; Judge C. Solomon; ADA Coritsidis Constantine; ADA Chloe Kendall; ADA Benjamin Levin; Police Officer Michael Ganz; Police Officer Carolan; Judge L. Sokoloff; and Judge R. Rajeswari. He asserted that after he was falsely arrested on July 14, 2015, in Manhattan, he was subjected to a conspiracy for a year, consisting of abuse of process, an improper investigation, denial of a speedy trial, and other constitutional violations within the state-court criminal proceedings. Plaintiff also alleged that while in custody, he was subjected to unconstitutional conditions of confinement, which included fights with other inmates, strip searches, deliberate indifference to his medical needs, and denial of legal materials.

In the January 28, 2020 order, Chief Judge McMahon first determined that Plaintiff's claims arising from his July 15, 2015 arrest and subsequent confinement appeared to be untimely because they were filed outside the three-year statute of limitations for § 1983 claims. He had asserted that all of the events occurred within one year of his arrest, but he filed the complaint more than four years and five months after his arrest. But Chief Judge McMahon granted Plaintiff leave to file an amended complaint to plead any facts showing that equitable tolling applies.

Chief Judge McMahon then dismissed Plaintiff's claims against the People of the City of New York and the Department of Correction (DOC) for lack of facts suggesting that a policy, custom, or practice of the City of New York caused a violation of his right and because an

2

agency of the City of New York is not an entity that can be sued. She also dismissed Plaintiff's claims against Judge E. Biben, Judge M. Jackson, Judge A. Scherzer, Judge C. Solomon, Judge L. Sokoloff, Judge R. Rajeswari, ADA Desiree Sedehi, ADA Coritsidis Constantine ADA Chloe Kendall and ADA Benjamin Levin on grounds of judicial and prosecutorial immunity. Chief Judge McMahon then held the following: (1) Plaintiff failed to state a claim against the police officers who were involved in his criminal case; (2) he failed to state false arrest and imprisonment claims because he did not allege facts suggesting that the defendants lacked probable cause to arrest and detain him; (3) he did not state a malicious prosecution claim because he failed to provide facts indicating lack of probable cause to commence criminal proceedings against him, that any defendant acted with malice, or that the prosecution terminated in his favor; (4) his general assertions concerning the conditions of his confinement failed to state a claim because he did not allege facts suggesting that correction officials were deliberately indifferent to conditions that posed a serious threat to his health or safety; and (5) his assertion that he was denied legal materials failed to state a denial-of-access-to-courts claim because he did not allege that he was unable to pursue a meritorious legal claim because of a defendant's actions. But Chief Judge McMahon granted him leave to amend his complaint to provide facts stating claims for relief.

Plaintiff's 94-page amended complaint consists of multiple handwritten statements describing the events giving rise to his claims and supporting documents from his criminal proceedings and detentions in the custody of DOC. He now sues only the City of New York and again asserts claims arising from his July 14, 2015 arrest. But Plaintiff also appears to bring conditions-of-confinement and other claims largely arising from events that occurred in 2019, when he was in DOC's custody pursuant to another arrest.

The following facts are taken from the amended complaint. On July 14, 2015, the police "racially profiled" and stopped a car with four black men, including Plaintiff, inside, allegedly because of a broken taillight. (ECF No. 9, at 27.) Plaintiff and another person ran from the car and were chased by the police and Plaintiff was apprehended. Two weapons were found in the car and, although he was only a passenger, Plaintiff was arrested and charged with possession of a weapon. He was later indicted by a grand jury under Ind. No. 2635/15, but that indictment was dismissed and superseded by Ind. No. 1302/2016. The proceedings lasted for four and a half years, during which more than ten judges who were "not appointed elected officials" acted without jurisdiction in the matter and Plaintiff's speedy trial rights were violated. (*Id*.at 4-5.) Throughout the criminal proceedings, prosecutors abused processes in the case related to the grand jury proceeding, speedy trial motions, probable cause hearings, and bail hearings "for an ulterior and improper motive." (*Id*. at 26.) The charges against Plaintiff were "duplicated with an array of offenses and half were thrown out," and although a "video, D.N.A., and a gun tossing simulation showed [his] innocence after the first three months," the case against him continued. (*Id*. at 62.) In addition, excessive bail was imposed in "an attempt to hold [him] . . . maliciously." (*Id*.) But ultimately, the case was dismissed for lack of probable cause. Because of the police's negligent investigation and prosecutors' due process violations, Plaintiff "was prosecuted for 4 ½ year[s] on possession of a weapon that court didn't have . . . . This was all an obvious conspiracy." (*Id*. at 52.)

While Plaintiff was confined at Rikers Island, correction officers allowed other inmates to threaten and assault him. After each incident ,the officers would move him "to tr[y] to stop [him] from reporting injuries" and the incidents so that the officers would not be subjected to disciplinary action. (*Id*. at 31.) Plaintiff was also subjected to two or three strip searches a week

where he was made to strip naked in front of other inmates. The searches were "out of protocol" because his classification only allowed two searches a month. (*Id*.)

Correction and medical staff also failed to provide Plaintiff adequate medical care. He was not given the required full physical upon entering the jail, and when he informed the staff multiple times that he did not feel well, almost nothing was done. Plaintiff was slowly "tested for this and that overtime instead of receiving a full physical." (*Id*. at 33.) He was exposed to Hepatitis A, which went untreated and caused him to be sick for about six months until he took a friend's medication. Plaintiff also took Doxycycline for a number of infections, but the medical staff failed to prescribe him the medication for several months. He suffered from severe abdominal pain and when a sonogram was done, they found that his "legs have abnormalities, [and] [his] prostate, bladder and liver swollen." (*Id*. at 32.) Plaintiff's "kidney was under suspi[c]ion of kidney disease, a urinary trac[t] infection the work," and medications that he was given irritated his stomach causing him to throw up and have "massive liver pains." (*Id*. at 32-33.) Plaintiff also had a lot of "psychological stress and disfunction" and his substandard "sleeping conditions" and threats from staff caused him not to sleep and he started to "hall[u]cinate, have mood swings, bipolar [symptoms], mental anguish, emotion[al] distress, and phobias." (*Id*. at 33.) Plaintiff also started to have "homicidal though[ts] [due] to light schizophrenia from retaliation from suits and grievances." (*Id*.) Plaintiff attaches medical records and grievances relating to his medical care dating from June 2019 to January 2020. (*See id*. at 7-22, 35-49, 66-75, 84, 86, 92.)

Correction staff also hindered Plaintiff's ability to pursue his legal claims. On a number of occasions, he was denied access to the law library or his time at the library was cut short. Sometimes the library would be closed because of a violent incident in the building, other times

correction staff "targeted" Plaintiff in retaliation for his filing of grievances. (*Id.* at 50.) Plaintiff "lost a criminal case [due] to an unresearched arrest legality in which [his] defense was not properly positioned" and several of his "case files for civil lawsuit[s] were turned in late and without all the facts." (*Id.*) Officers also made other inmates threaten Plaintiff, which made filing grievances or lawsuits "dangerous." (*Id.*)

In June 18, 2019, Plaintiff's housing area was searched, and correction officers confiscated his sneakers and other belongings. After the search, the officer "sprayed smashed [Plaintiff] into a wall" blinding him. (*Id.* at 63.) The officers then held Plaintiff down with their knees, and then grabbing him "roughly" picked him up and "rammed" the top of his head into a wall, and then handcuffed him. (*Id.*)

Plaintiff brings this action seeking monetary and punitive damages. He asserts the following injuries:

> emotional/humiliating distress, lack of jurisdiction, physical injury, defamation, loss of employment opportunities, injury to reputation, legal cost in defending the original action, transportation, [and] harm legally caused by any arrest or imprisonment suffered by him during the course of the proceeding," psychiatric treatment, personal animosity and reckless disregard of [his] rights, consort[i]um, impersonation, and loss of wages because of the proceeding, arrest, conspiracy, and imprisonment.

(*Id.* at 93.) Plaintiff further claims that "[t]here was a ton of medical indifference," use of excessive force against him on June 18, 2019, and "hazardous food in retaliation." (*Id.*) He asserts that the defendants continued the legal proceedings against him "without regard for [his] rights." (*Id.*)

**DISCUSSION**

**A.     Claims arising from Arrest and Prosecution**

1.     Statute of Limitations

Plaintiff brings a litany of claims stemming from his July 14, 2015 arrest, including false arrest and imprisonment, imposition of excessive bail, malicious prosecution, abuse of process, and violation of his speedy trial rights. Because Plaintiff only asserted in his initial complaint that he was arrested on July 14, 2015, and was subjected to a conspiracy for a year, Chief Judge McMahon found that Plaintiff's claims were likely untimely. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989) (Claims brought under § 1983 are governed by the "general or residual [state] statute [of limitations] for personal injury actions.") But now Plaintiff asserts that the criminal proceedings against him continued for four and half years before the charges were dismissed in November 2019, for lack of probable cause. Thus, it appears that some of the claims stemming from Plaintiff's arrest are timely filed.[1]

2.     False Arrest and False Imprisonment Claims

Plaintiff brings false arrest and imprisonment claims, and as directed by Chief Judge McMahon's January 28, 2020 order, he now describes the circumstances leading to his arrest and states what charges were brought against him and the result of his criminal proceedings. Plaintiff also contends that the police lacked probable cause to arrest and detain him. But Plaintiff again fails to allege how long he was detained pursuant to the July 14, 2015 arrest, and he does not

---

[1] Plaintiff's false arrest claim may be time-barred because he filed this action outside the three-year statute of limitations period. *See Wallace v. Kato*, 549 U.S. 384, 390 (2007) (holding that false arrest claim accrues at the time the claimant is detained pursuant to legal process). Plaintiff was arrested on July 14, 2015, and he filed this action on December 6, 2019, more than four years and five months after his arrest. But Plaintiff alleges in the amended complaint that he suffered from issues related to his mental health and contends that the statute of limitations should be equitably tolled. (ECF 9, at 6.) The Court does not address this issue at this juncture.

name as defendants those individuals who were responsible for the false arrest and imprisonment.

In light of Plaintiff's *pro se* status, however, the Court grants him leave to submit a second amended complaint detailing his false arrest and imprisonment claims. Plaintiff must reassert the facts concerning his arrest, including a description of the events leading to his arrest, the charges brought against him, and the results of the criminal proceedings. He must again assert facts suggesting that he was arrested and detained without probable cause. Plaintiff must also name as defendants the individuals who were directly and personally involved in the alleged constitutional deprivation and state what each individual did to violate his rights.

3. Malicious Prosecution and Abuse of Process Claims

Plaintiff followed Chief Judge McMahon's direction with respect to his malicious prosecution and abuse of process claims. He asserts that there was no probable cause to commence criminal proceedings against him and that the proceedings terminated in his favor suggesting that he was innocent. But Plaintiff presents his claims in a scattershot manner, with multiple statements concerning prosecutors improperly obtaining an indictment from the grand jury, violating his speedy trial rights, imposing excessive bail, and committing other violations.

Should Plaintiff choose to submit a second amended complaint, he is directed to chronologically state the facts concerning his criminal proceedings after his July 14, 2015 arrest, which amounted to malicious prosecution and abuse of process. He must provide the dates of all relevant events.

**B.   Claims arising out of Pretrial Detention**

As in his initial pleading, Plaintiff again asserts that that he was subjected to fights, strip searches, and inadequate medical care, and was denied access to the courts. He now adds additional claims of excessive force and retaliation for the filing of grievances and lawsuits. But

Plaintiff fails to follow Chief Judge McMahon's direction with respect to his conditions of confinement claims, he fails to allege facts suggesting that named individual defendants were deliberately indifferent to conditions that posed a serious threat to his health or safety. And although he asserts that he was denied access to the courts because he was unable to use the law library which affected his legal claims, Plaintiff does not identify the purported legal claims or allege facts suggesting that they were meritorious.

Aside from the above deficiencies, Plaintiff's assertions concerning his confinement do not appear to arise out of his confinement after his July 14, 2015 arrest. In his initial pleading, Plaintiff casted his conditions-of-confinement and denial-of-access-to-courts claims as occurring during his detention after his July 14, 2015 arrest. It now appears from Plaintiff's assertions and supporting documents that the incidents from which his claims of inadequate medical care, strip searches, assault, denial of access to the courts, and retaliation arise occurred in 2019, after his last arrest.[2] But Plaintiff has asserted similar claims arising out of his March 2019 arrest and

---

[2] Plaintiff has been arrested multiple times by police officers from the New York City Police Department in the last few years. He has filed a number of *pro se* cases in this Court in which he asserted similar claims concerning his arrest, criminal proceedings, and detention on Rikers Island. *See McDaniel v. City of New York*, ECF 1:20-CV-2832, 6 (S.D.N.Y. filed Apr. 2, 2020) (claims arising out of March 2019 arrest and 13-month pretrial detention; filed amended complaint after order to amend); *McDaniel v. NYC Fire Dep't*, ECF 1:20-CV-0995, 2 (S.D.N.Y. filed Feb. 5, 2020) (pending claims concerning destruction of property and injury to dog by the Fire Department and the NYPD); *McDaniel v. People of the State of New York*, ECF 1:20-CV-0254, 7 (S.D.N.Y. June 2, 2020) (claims dismissed as duplicate of those under case number 19-CV-7680); *McDaniel v. Dep't of Corr.*, ECF 1:19-CV-8735, 29 (S.D.N.Y. filed Sept. 20, 2019) (pending action asserting that he was assaulted by another inmate); *McDaniel v. People of the State of New York*, ECF 1:19-CV-8166, 12 (S.D.N.Y. Feb. 14, 2020) ( claims dismissed as duplicate of those under case number 19-CV-3526); *McDaniel v. People of the State of New York*, ECF 1:19-CV-7680, 7 (S.D.N.Y. filed Aug. 14, 2019) (pending case concerning claims arising out of July 11, 2018 arrest); *McDaniel v. People of the State of New York*, ECF 1:19-CV-3526, 13 (S.D.N.Y. filed Apr. 19, 2019) (pending claims of false arrest and imprisonment, malicious prosecution, and use of excessive force).

In at least a few of these cases, Plaintiff asserts claims arising out of events that overlap with those at issue here.

subsequent 13-month pretrial detention in his pending action under case number 20-CV-2832. As Plaintiff was granted leave only to assert claims concerning his confinement after his 2015 arrest and no useful purpose would be served by the litigation of these duplicate claims in this action, they are dismissed without prejudice to Plaintiff's case pending under docket number 20-CV-2832.

It is not clear whether Plaintiff has constitutional conditions-of-confinement or other claims arising from his detention in 2015. But if he has such claims, he is granted leave to assert them in his second amended complaint. As stated in the January 28, 2020 order to amend, Plaintiff must allege facts showing that after the July 14, 2015 arrest he was detained under conditions that posed a serious threat to his health or safety. If he has such claims, he must also allege facts showing that they amount to a constitutional violation. Plaintiff must describe all incidents leading to the alleged constitutional violations, provide all relevant dates, and  name as defendants the individuals responsible. The Court will only consider claims arising out of Plaintiff's detention after his July 14, 2015 arrest; all claims asserted from other arrests will be dismissed.

## LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint for the second time to detail his claims as described above. First, Plaintiff must name as the defendants in the caption[3] and in the statement of claim those individuals who were allegedly involved in the deprivation of his

---

[3] The caption is located on the front page of the second amended complaint form. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the second amended complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the second amended complaint.[4] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and again amending his pleading to include the identity of any "John Doe" defendants before the statute of limitations period expires.[5]

In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the second amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's second amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's second amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were

---

[4] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2018, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

[5] Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

violated; when such violation occurred; where such violation occurred; and why Plaintiff is

entitled to relief. Because Plaintiff's second amended complaint will completely replace, not

supplement, the other pleadings, any facts or claims that Plaintiff wishes to maintain must be

included in the second amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on

the docket.

The Court construes Plaintiff's April 13, 2020 submission (ECF No. 9) as an amended

complaint and directs the Clerk of Court to label the document on the docket as an amended

complaint.

Plaintiff is granted leave to file a second amended complaint that complies with the

standards set forth above. Plaintiff must submit the second amended complaint to this Court's

Pro Se Intake Unit within sixty days of the date of this order, caption the document as a "Second

Amended Complaint," and label the document with docket number 19-CV-11265 (LLS). A

Second Amended Civil Rights Complaint form is attached to this order. No summons will issue

at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause

to excuse such failure, this action will be dismissed for failure to state a claim upon which relief

may be granted. All other pending matters are terminated.

SO ORDERED.

Dated:   August 28, 2020
         New York, New York

_Louis L. Stanton_
_____
         Louis L. Stanton
         U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____

(Include case number if one has been
assigned)

**SECOND AMENDED**
**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name             Middle Initial             Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                             State                     Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

Page 2

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name          Last Name          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City          State          Zip Code

Defendant 2:

First Name          Last Name          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City          State          Zip Code

Defendant 3:

First Name          Last Name          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City          State          Zip Code

Defendant 4:

First Name          Last Name          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City          State          Zip Code

## V.       STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were
harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach
additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____