UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CURTIS McDANIEL,

                        Plaintiff,

-against-

THE PEOPLE OF THE CITY OF NEW YORK, et al,

                        Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __2/2/2021__

19 Civ. 11265 (AT)

**ORDER OF SERVICE**

ANALISA TORRES, United States District Judge:

      Plaintiff, currently incarcerated in Bare Hill Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants falsely arrested him and subjected him to unconstitutional conditions of confinement. By order dated January 14, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1]

## DISCUSSION

**A.    Service on the City of New York, Police Officer Zollino, and Police Officer Brooks**

      Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

summonses and complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants City of New York – identified as the People of the City of New York – Police Officer Christopher Zollino (Badge # 27732), and Police Officer Darion Brooks (Badge # 1484 or 22249) through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.     John Doe Defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the second amended complaint, Plaintiff supplies sufficient information to permit the New York City Law Department to identify the John Doe correction officers who used excessive force against Plaintiff on June 18, 2019. (*See* ECF No. 20, at 16-18, 32.) It is therefore ordered that the New York City Law Department,

which is the attorney for and agent of the New York City Department of Correction, must ascertain the identities and badge numbers of the John Doe defendants whom Plaintiff seeks to sue here and the addresses where they may be served.[2] The New York City Law Department must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file a third amended complaint naming the newly identified defendants. The third amended complaint will replace, not supplement, the second amended complaint. A third amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed a third amended complaint, the Court will screen the third amended complaint and, if necessary, issue an order asking the defendants to waive service.

## C.     Local Civil Rule 33.2

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of the date of this order, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[3]

---

[2] If the Doe defendants are current or former employees or officials of the New York City Department of Correction (DOC), the New York City Law Department should note in the response to this order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving DOC defendants, rather than by personal service at a DOC facility. If the Doe defendants are not current or former DOC employee or officials, but otherwise works or worked at a DOC facility, the New York City Law Department must provide a residential address where the individuals may be served.

[3] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to issue summonses and complete the USM-285 forms with the addresses for the City of New York—identified as the People of the City of New York—Police Officer Christopher Zollino (Badge # 27732), and Police Officer Darion Brooks (Badge # 1484 or 22249) and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is also directed to mail a copy of this order and the second amended complaint to the New York City Law Department at: 100 Church Street, New York, NY 10007. A third amended civil rights complaint form is attached to this order.

Local Civil Rule 33.2 applies to this action.

SO ORDERED.

Dated:   February 2, 2021
         New York, New York

_____
ANALISA TORRES
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. City of New York
   New York City Law Department
   100 Church Street
   New York, NY 10007

2. Police Officer Christopher Zollino
   Badge Number 27732
   New York City Police Department, 32nd Precinct
   250 West 135 Street
   New York, NY 100037

3. Police Officer Darion Brooks
   Badge Number 1484 or 22249
   New York City Police Department, 32nd Precinct
   250 West 135 Street
   New York, NY 100037