RECEIVED
SDNY PRO SE OFFICE
2021 APR 28  PM 2: 27

U.S District Court Southern
District Of New York

Civil Docket Case # 19-CV-11265

Third Amended Complain

Curtis McDonie
                    Plaintiff

          against

The City Of New York
                    Defendants

Background

       I was arrested on July 14,2015
in manhattan on 137th Street. Two
officers Mr D. Brooks and C. Zollha
of 32nd precinct order on a loud
to pull over the automoble because
of a broken tail light, me and
another passenger left the car
and officers followed us and
arrested me for possesion of
a loaded guns. I was assigned

and indicted under 2635/2015 which was then dismissed and superseded by Ind. No. 1302/2016 after 9 months. The proceeding lasted in total for 4 1/2 years during which ten judges who were not appointed/elected officials acted without jurisdiction in the matter and my speedy trial rights were violated. Throughout the proceeding prosecutors abused possess in the case related to the grand jury proceeding, speedy trial motions, probable cause hearings, and bail hearing for an ulterior and improper motive. The charges against me were duplicated with an array of offenses and half were thrown out, and although a "video, D.N.A., and a gun tossing simulation showed my innocence after the after the first three months," the case against me continued. In addition, excessive bail was imposed in "attempt to hold me maliciously."

But ultimately the case was dism
issed for lack of probable cause
Because of

Claims :False Arrest > Malicious
Prosecution > Due Process > Negligent
Investigation


    (Officer M.D.) Brooks and C. Zollino
of 32 nd precinct acted on a lead to
pull over the automobile because of
a broken taillight me and another
passenger left the car and D.Brooks
followed us leaving the driver and
passenger in the Car and found guns
on the street while following I
was detained and arrested with out
consent and searched further the
other guy ran away. This was an illegal
arrest violating my 4th Amendment to
be free from illegal body searches See
Handling a criminal case in New York
Chapter 9 suppression II search and
Seizure: physical evidence §9:69 war-
rantless stop and search of an automobile-
no search where traffic infraction only
passengers (where the police stop
a vehicle to arrest the driver, search

of a passenger must be based upon
probable cause. People v. Perlee, 10
N.Y. 3d 915, 862 N.Y.S. 2d 321, 892
N.E. 2d 385 (2008) See Fruit of the
poisonous tree doctrine Brendlin v
California, 551 US 249, 127 S.Ct. 2400,
168 L. Ed. 2d 132 (2007); US v Mosley, 454
F. 3d 249 (3d Cir. 2006) See HCNY chapter
A supersedes II Search and seizure; physical
evidence §9:67 Warrantless stop and
search of an automobile - No search
where traffic infraction only. When
a vehicle is stopped for a traffic infract-
ion as opposed to a crime, the extent
of intrusion is limited; a police officer
is not authorized to conduct a search,
absent additional grounds for believing
that a crime has been committed. People
v. Marsh, 20 N.Y. 2d 98, 281 N.Y.S. 2d
789, 888, N.E. 2d 783 (1967); People v.
Barreras, 253 A.D. 2d 369, 677 N.Y.S. 2d
526 (1st Dept. 1998); People v. Woods,
189 A.D. 2d 838, 592 N.Y.S. 2d 748 (2d
Dept. 1993); Knowles v Iowa, 525 US
113, 119 S. ct. 484, 142 L. Ed. 2d 492

(1998) The taillight wasn't broken and there wasn't any corrohoration as required as a matter of law to convict. See HCCNY chapter 6 Grand Jury Evidence and Instructions §6.64 Different evidentiary standards. See People v. Siben 19 N.Y.R.3d 947, 946 N.Y. S2d 568, 969 N.E.2d 770 (2012) See People v. Pacheco 56 A.D.3d 881, 868 N.Y. S2d 625 (1st Dept 2008): People v. Braithwaite, 176 Misc. 2d 79, 670 N.Y. S2d 970 (Sup 1998). Furthermore officers said that they saw Hanes exit stretched like we both threw some thing with out any corrohoration requirements (Also because this was a lie and the office had no probable cause it was entirly illegal) HCCNY Chapter 9 Suppression II Search and Seizure : Physical Evidence §9:53 Search and seizure of abandoned or discarded evidence - Presumption against abandonment There is however a presumption against abandonment and the prosecution has the burden of proving an intentional relinquishment or

abandonment of a known right or privilege." The proof supporting abandonment should reasonably beget the exclusive inference of the throwing away." People V. Howard, 50 NY 2d 583, 430 N.Y.S 2d 578, 408 N.E 2d 908 (1980) see also People V. Otero, 51 A.D 3d 553, 858 N.Y.S 2d 157 (1st Dept 2008); People V. Picilla, 78 A.D 2d 1424, 911 N.Y S.2d 872 (4 Dept 2010) (The police began chasing the defendant without any reason. While running away, the defendant threw aside a gun that the police late recovered. Suppression of gun was granted, because the defendant's action was "a provoked and spontaneous response to unlawful police conduct." People V. Torres, 115 A.D.2d 93, 499 N.Y.S2d 780 (1st Dept 1986). This shows us that since the arrest is illegal and officer had no probable cause to arrest. Also that I was was detain for 3 days involuntarly.

After my arrest I was arraigned
and indicated with out any grand
Jury corroboration evidence. By
07/15/2015 - 11/01/18 for and a half year I
was prosecuted with out probable
cause by prosecution because the
Investigation revealed a video showing
I did not abandone the weapons,
also a gun toss simulation, and D.N.A
that establishes my innocence, further
more, that the case couldn't be tried
I was arrested after I hired a lawyer.
The case went to a mapadine away
hearing in which the guns was suppressed
from 9 Hccilt 89'69,94'67,99'53,92'64led,
Both officers and prosecution acted
under color of law and prosecuting
and arresting me for 4 1/2 years
with out probable cause violating my
Due Process Clause 5th, and 19th Amend-
ments. Ultimatly the case was dismissed
in my favor.

False Imprisonment>Due process
Conditions of Confinement Claims

I was arrested without probable
cause involuntary for a county
year. I spent 25 day between
my arrest and bail posted on
07/19/15 - 08/09/15 and from 08/09/19 -
11/04/19 on this case 1302/2016
and 2635/2015. My bail was high
because of the B class violent
felony of possession of a in the
1st and 2nd and was supposed to
be realesed on my second case
before and after the bail reform.
Court allowed me to be confined
knowing the case couldn't be
tried and having information,
videos, D.N.A test and a lack of
probable cause. There was a major
Due process violation concerning my
remand twice from issues that arose
from indictment 2635/2015 and
1302/2016 and also the fact that I
had no commitment paper to be detained

by the department of correction My
high bail increase issue due to replicated
charges forguns that all didnt have my
DNA on them one deal with 15 other
people one who they didnt arrest that
was shown through them on camera
     All the time I spent imprisone
as a detainee my conditions of
confinement were unecessary, cruel,
and unusual. Over a period of 26 days
months I was subject to cruel
high and low temperament because
the house is outside the main
building we were with out fans
most of the summer and some
times they were taken and not
much heat in the winter I was
repeatedly threatened by officers and
inmates. they allowed to verbally
harras and steal from. Me a few
hundred dollars went missing from my
account and no reply from grievance.
moreover I was subjected to
unecessary strip search of my
housing because we were

forced to strip in front of other officers and inmates. I was in a low classification housing area due to my classification policy. Boys we are allowed a low number of search a month, and we were search 2-4 times a week. This is a violation of my 4th Amendment and 8th Amendment. Finally I was place in a regular house with many hazardous inmate with bad diseases like ganggreen, HIV, Covid 19.

Abuse Of Process Claim >
Conspiracy Claims

Officer arrested me illegaly but saying there was a broken taillight in a car I was a passenger in when infact we were racially profiled. There was no broken taillight or a ticket for any such violation given the process of being pulled over was for a search and qunda, thus an arrest was made, 4th amendment right were violated. Also officers had been arresting me for for a while they had other motives because I told them who had the guns.

The grand jury was allowed to indict with out corroborating statements by 2 or more officer or street cameras/body cameras to settle question of fault. Due process was violated to hide perjury by officers Brooks and Zilb and was allowed to put someone in jail because the

found guas on the street whether
the officers or prosecution had
the right person or not in the
intrest of justice.

the process of bail was violated
under the 8th amendment because
my bail was high and increased to
$100,000 to keep me in jail for a
higher success rate of convict by
not allowing me to create my
perfect defense and keep working
to pay my lawyer.

My case re-indicted me under
1302/2016 all the while have
evidence that proves my innocent-
ence and knowing the case couldn't
be tried because the were stalling
to use scare tactic involving
misinformation and plea bargins of
life. persistant felony, 5-15 years and
finaly 10 year flat. The also offered
5 years flat with another case in
an attempt to have a innocent man
plea bargin to years in jail. Due
process 5th Amendment was clearly
violated.

All of each process of count in
which my right were violated
show a high level of malice
between my lawyer taken my
money and leaving the case for
for illegal plea offering from them
the Judge and prosecution under
second felony offender status My
lawyer took 6 month and money
from me for a D.N.A that was
never done and the gun wasn't
possessed by officers or court to
do a D.N.A test.

Fair Trial Claim > Denial of speedy
trial > Malic > Officers Not available >
changed/altered grand jury/pretrial hearing

    My speedy trial rights were violated
because my time was calculated wrong,
motion non congruent to the case were
stamped and recognized, and the
correct motion went heard after
my lawyer adopted them. Moreover
my Due process 5th and 14th Amendment
where violated under color of law.
    All evidence was gather in the first
5 month of court. Then I was
re-indicted which doesn't stop my
Speedy trial process. 30.30(1)(a) time
stack after the acusitory instrument. All-
together a video, DNA, eye-witness motion,
grand jury hearing and ultimitly mapp/
dune-away hearing didn't take more
than 7 month between indictments.
2683/2015 and 1302/2016, the case
end 11/04/19
    My first 30.30(1)(a) motion prepaid
by my lawyer wasn't congruent to

my case because that a misdemeanor
motion for speedy trial and I have
a felony date. Court acted malicious
in recognizing this motion with
motion court and prosecution by
putting it on the record. Also acts of
malice were evident because my
Futar 30.30(1)(a) motions were
recognized after being adopted by
my lawyer. After only 199 were
found then the motion was heard
but never add to the record and
stamped by court. A year passed and
my "30.30(1)(a) motion (5 witness) wasn't
heard, on put on recored.

    On 11/04/19 officer Deron Brooks
was impersonate by another officer
at a probable cause hearing. I wasn't
allowed to testify in court that officer
Brooks wasn't present.

    Also My grand jury and probable
cause hearing transcips were change/
altered without court authorizing it
to be redacted

Imposition Of Bail Claim

My case lack probable cause and
the grand jury lack sufficient minuets,
to prove that the car was stop
for a broken tail, without officers
corroborated statements/evidence,
traffic infraction, or probable cause
hearing minuets. My charges were
duplicated with a ad array of other
offenses and half were thrown
out, with no change in bail. More-
over video, D.N.A and a gun testing
simulation showed my innocence
after the first 8 months of
arraignment, and the case lacked
jurisdiction because it could be
tried/no competence. My case
went to pretrial and then was
reset back down to grand jury
under a superceding indictment number
1302-2016.

Damage

From various claims I'm seeking money amounts for Compensatory, General, Special, and Punitive Damages. The emotional/mental/humiliating distress, lack of Jurisdiction, physical injury, defamation, loss of employment opportunities, injury to reputation, injury to reputation, legal cost in defending the original action, transportation, harm illegaly/legaly caused by any arrest or imprisonment suffered by him during the course of the proceeding, psychiatric treatment, personal animosity, injury, reckless disregard of my rights, Consortium, impersonation, and loss of wages because of the proceeding, arrest, Conspiracy, and imprisonment. Moreover denial/discharged of employment, Cruel and unusual punishment and violation of my Constitutional rights with tons of malic. I'm asking for 100,000,000

Case 1:19-cv-11265-AT-RWL Document 37 Filed 04/28/21 Page 19 of 28
Case 1:19-cv-11265-AT-RWL Document 20 Filed 01/08/21 Page 40 of 61

Case 1:19-cv-11265-LLS Document 9 Filed 04/13/20 Page 60 of 94

**Levin, Benjamin**

| | |
|---|---|
| **From:** | Levin, Benjamin |
| **Sent:** | Wednesday, September 4, 2019 5:11 PM |
| **To:** | 'Dana Levin' |
| **Cc:** | 'eugeneconwayesq@gmail.com' |
| **Subject:** | RE: People v. Curtis McDaniels Ind. No. 1302/2016 – 30.30 minutes question |

I want to update the Court in advance of tomorrow's appearance: I am still waiting on minutes from several reporters and I believe that the Court will need the minutes from at least two or three of those dates (2015 calendar calls) before being able to render a decision. The People will also be ready for the hearings tomorrow and I will leave it to Mr. Conway and to the Court regarding whether to proceed with the hearings with this 30.30 motion still outstanding.

Thank you.

Ben Levin
Assistant District Attorney
New York County District Attorney's Office
80 Centre Street, Room 700E
New York, NY 10013
(p): (212) 335-3606
(f): (212) 335-4168

**From:** Dana Levin [mailto:dlevin@nycourts.gov]
**Sent:** Thursday, August 29, 2019 4:42 PM
**To:** Levin, Benjamin <LevinB@dany.nyc.gov>
**Cc:** 'eugeneconwayesq@gmail.com' <eugeneconwayesq@gmail.com>
**Subject:** RE: People v. Curtis McDaniels Ind. No. 1302/2016 – 30.30 minutes question

The court will have to review the submissions before making a determination on whether minutes are necessary.

**From:** Levin, Benjamin <LevinB@dany.nyc.gov>
**Sent:** Wednesday, August 28, 2019 5:10 PM
**To:** Dana Levin <dlevin@nycourts.gov>
**Cc:** 'eugeneconwayesq@gmail.com' <eugeneconwayesq@gmail.com>
**Subject:** People v. Curtis McDaniels Ind. No. 1302/2016 – 30.30 minutes question

Dana,

The above case is on the Court's calendar for hearings and for decision on defendant's pro se 30.30 motion that was adopted by Mr. Conway on the last court date. Mr. Conway and I will both be ready for the hearings. The reason that the case is on for hearings is because of Mr. Conway's trial schedule and because this is going to be a hearings dispositive case because of a recent 1st Department case that will likely cause the hearing judge to suppress the guns that are the subject of this indictment.

I am writing to the Court because I will not be able to receive certain minutes from calendar calls on different dates before the decision date. However, this is not the first 30.30 motion that was filed in this case – Judge Scherzer issued a Decision on a prior 30.30 motion that was filed by one of the defendant's prior attorneys that found that there were 60 days chargeable to the People between May 5, 2016 and October 3, 2018 (the Decision is attached to this email).

However, that Decision did not account for any potential chargeable time before the arraignment on this superseding indictment (the defendant was originally indicted under Indictment # 02635/2015).  Ms. Henderson, the defendant's prior attorney, was offered the chance to file a supplemental 30.30 motion to challenge the chargeable time on the first indictment and in her supplemental motion, acknowledged to the Court that the case was not beyond the permitted 30.30 time.  See attached email from Ms. Boyar regarding this issue.

My preliminary (and nonbinding) count of chargeable time on the first indictment is 98 days. Those 98 days, when added to the 60 chargeable days in Judge Scherzer's Decision, equals 158 days.

There are no chargeable days between October 3, 2018 to date either because the People have either been ready, defense counsel requested and the Court ordered a 730 exam, because the case was put into a motion schedule, or because the defendant fired his previous attorney before the Court appointed Mr. Conway as the most recent attorney.

I am prepared to put the above information (and address each adjournment that was not already ruled on by Judge Scherzer) in writing in a formal response that I can imminently file, but I want to confirm that the Court can render a Decision on September 5th without having the minutes from the court dates during the first indictment and the minutes from the court dates since the date that Judge Scherzer issued the October 3, 2018 decision.

Thank you.

Sincerely,

Ben Levin
Assistant District Attorney
New York County District Attorney's Office
80 Centre Street, Room 700E
New York, NY 10013
(p): (212) 335-3606
(f): (212) 335-4168

This email communication and any files transmitted with it contain privileged and confidential information from the New York County District Attorney's Office and are intended solely for the use of the individuals or entity to whom it has been addressed. If you are not the intended recipient, you are hereby notified that any dissemination or copying of this email is strictly prohibited. If you have received this email in error, please delete it and notify the sender by return email.
Please be CAREFUL when clicking links or opening attachments from external senders.

| | |
|---|---|
| **From:** | Diana Boyar |
| **To:** | Levin, Benjamin |
| **Cc:** | "scalesofjustice@yahoo.net"; Hon. Ann E. Scherzer |
| **Subject:** | RE: Curtis McDaniels Ind. No. 1306/2016 – adj date 11/29/18 |
| **Date:** | Monday, November 19, 2018 2:44:28 PM |

Since the defendant is argues that CPL 30.30 time has not expired the People are not required to file a supplemental reply.

**From:** Levin, Benjamin <LevinB@dany.nyc.gov>
**Sent:** Monday, November 19, 2018 2:38 PM
**To:** Diana Boyar <dboyar@nycourts.gov>
**Cc:** 'scalesofjustice@yahoo.net' <scalesofjustice@yahoo.net>
**Subject:** Curtis McDaniels Ind. No. 1306/2016 - adj date 11/29/18

Judge Scherzer,

On October 3, 2018, the Court adjourned this case for defense counsel to file a supplemental 30.30 motion because defendant's first motion to dismiss pursuant to CPL 30.30 did not address any potential chargeable time on the original indictment in this case (Ind. No. 2635/2015); defendant's motion only addressed chargeable time on the superseding indictment (Ind. No. 1302/2016).

Defendant filed a supplemental CPL 30.30 motion on October 10, 2018. However, in defendant's motion papers, defendant does not allege that CPL 30.30 has been violated, as defendant asked for an order granting "[a] calculation of C.P.L. 30.30 time pursuant to C.P.L. 30.30(1)..." See Defendant's CPL 30.30 Motion, dated October 10, 2018 at P.1. Further, in defendant's motion, defendant's own calculation of the CPL 30.30 time in this case indicates that "this case does not require dismissal at this time because the 30.30 time or 180 days has not elapsed." See Defendant's CPL 30.30 Motion, dated October 10, 2018 at P.2. It should also be noted that the People do not agree with defendant's assertion regarding the chargeable CPL 30.30 time.

Defendant has the initial burden to allege that the People have exceeded the permissible CPL 30.30 time. See People v. Goode, 87 N.Y.2d 1045 (1996) ("A defendant seeking a speedy trial dismissal pursuant to CPL 30.30 meets his or her initial burden on the motion simply 'by alleging only that the prosecution failed to declare readiness within the statutorily prescribed time period' (quoting People v. Luperon, 85 N.Y.2d 71, 77-78; 1995)." Defendant failed to meet his initial burden on the motion based on the wording of defendant's motion.

Therefore, it is the People's position that because defendant does not allege a CPL 30.30 violation that it would be premature for the People to respond to this supplemental motion.

In the event that the Court would like a substantive response from the People in advance of the decision date on 11/29/18, the People want to inform the Court that we are awaiting minutes from a calendar call that were ordered in an expedited fashion. We expect to receive those minutes in the next few days and once we receive those minutes, I will be able to file and serve a substantive response in advance of the decision date, in the event that the Court would like the People to

respond substantively despite the fact that defendant does not allege that this case should be dismissed pursuant to CPL 30.30.

Sincerely,

Ben Levin
Assistant District Attorney
New York County District Attorney's Office
80 Centre Street, Room 700E
New York, NY 10013
(p): (212) 335-3606
(f): (212) 335-4168

This email communication and any files transmitted with it contain privileged and confidential information from the New York County District Attorney's Office and are intended solely for the use of the individuals or entity to whom it has been addressed. If you are not the intended recipient, you are hereby notified that any dissemination or copying of this email is strictly prohibited. If you have received this email in error, please delete it and notify the sender by return email.

8/22

TAP A JUL 2 4 2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------X

THE PEOPLE OF THE STATE OF NEW YORK,

              Plaintiff,

                                          CPL 30.30 MOTION

CURTIS MCDANIELS,                   IND. NO. 1302/2016

              Defendant.

-------------------------------------------------------------X

       That upon the annexed affirmation of Lynne Troy Henderson, attorney for the

Defendant, and in part TAP A, on August 22, 2018 or as soon thereafter as counsel can

be heard, in the Supreme Court of the State of New York, New York County, in the

Courthouse located at 100 Centre Street, New York, New York, for an order granting:

               Dismissal of the Accusatory Instrument pursuant to C.P.L. 30.30

               (1) (b); and

               Such other and further relief as to the Court may seem just and
proper.

No previous application for the relief sought herein has been made to any court.

DATED: July 17, 2018
New York, New York

                                 Yours, etc.,

TO:  Hon. Cyrus R. Vance, Jr.           Lynne T. Henderson
     District Attorney                  Attorney for the Defendant
     ADA Justin Tatham
     New York County               Tel. Phone No. 646-266-9977
     Of Counsel

DISTRICT ATTORNEY
NEW YORK CO.

2018 JUL 24 A 10 15

RECEIVED
MOTIONS UNIT

1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK-PART TAP A

RECEIVED
MOTIONS UNIT

2018 OCT 17  A 9 47

-----------------------------------------------X

DISTRICT ATTORNEY
NEW YORK COUNTY

THE PEOPLE OF THE STATE OF NEW YORK,

Plaintiff,

CPL 30.30  MOTION

CURTIS MCDANIELS,

IND. NO. 2635/2015

Defendant.

-----------------------------------------------X

That upon the annexed affirmation of Lynne Troy Henderson, attorney for the

Defendant, and in part TAP A, on November 29, 2018  or as soon thereafter as counsel

can be heard, in the Supreme Court of the State of New York, New York County, in the

Courthouse located at 100 Centre Street, New York, New York, for an order granting:

A calculation of C.P.L. 30. 30  time pursuant to  C.P.L. 30.30 (1) ;

and

Such other and further relief as to the Court may seem just and

proper.

No previous application for the relief sought herein has been made to any court.

DATED: October 10,  2018
New York, New York

Yours, etc.,

*Lynne T. Henderson* (signature)

TO:   Hon. Cyrus R. Vance, Jr.
      District Attorney
      ADA Benjamin Levin
      New York County
      Of Counsel

Lynne T. Henderson
Attorney for the Defendant

Tel. Phone No. 646-266-9977

Case 1:19-cv-11265-AT-RWL   Document 37   Filed 04/28/21   Page 25 of 28
Case 1:19-cv-11265-AT-RWL   Document 20   Filed 01/08/21   Page 37 of 61

Case 1:19-cv-11265-LLS   Document 9   Filed 04/13/20   Page 56 of 94

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK, PART TAP A

------------------------------------------------X

THE PEOPLE OF THE STATE OF NEW YORK,

      — vs. —                 AFFIRMATION
                                AS TO 30.30 TIME

CURTIS MCDANIELS,               Ind. No. 2635/15

                 Defendant.

------------------------------------------------X

STATE OF NEW YORK    )
                      ) Ss.:
COUNTY OF NEW YORK  )

      Lynne T. Henderson, being duly admitted to practice before the Courts of the

State of New York, affirms under the penalty of perjury that:

      I am counsel for the Defendant in the above-captioned action. I am fully familiar

with the facts of this case. This Affirmation and Memorandum of Law is made upon

information and belief. Unless otherwise noted, all factual allegations set forth in this

Affirmation are based upon my review of the Court file.

      The defendant is charged with Criminal Possession Of A Weapon In The Second

Degree, P.L. Sec. 265.03 (1) (b).

      A previous 30.30 Motion was filed on or about Sept. 18, 2018 as to the

superceding indictment in this case, Ind. No. 1302/2016, and by order of the court dated

October 3, 2018 which found that 60 days were chargeable to the People.

      The defendant was arrested and arraigned in Criminal Court on approximately

July 14, 2015.



Oxygen
Recovery Group

March 19, 2019

Curtis Mcdaniel,
 2745 Frederick
 Douglas Blvd Apt 2C
 NEW YORK, NY
 10039

Oxygen Account:      000053068
Creditor:            RH 2546 7th Ave LP
Principle:           $6,600.00

Dear Curtis Mcdaniel,

Please find attached documents validating the debt due to RH 2546 7th Ave LP. Your account has been noted as disputed in our system. Please mail in your payment today to this agency.

If you wish to pay by phone, please call (845)367-4330 Ext: 209. You may pay online, by going to: www.paymycreditor.com and follow the prompts. If you have any further questions, please call this office.

This is an attempt to collect a debt and any information obtained will be used for that purpose. This is a communication from a debt collector. NYC DCA # 1471397.

Regards,

James Smith
Oxygen Recovery Group
(845)367-4330 x 209

# Transactions

Date Range:  All

| Tenant | Account | Property | Unit | Active Start | Active End |
|---|---|---|---|---|---|
| Curtis McDaniel | 1397 | 2546 7th Ave. | 19 | 12/16/2016 | 5/25/2017 |

| Date | Reference | Description | Comment | Amount | Balance |
|---|---|---|---|---|---|
| 12/30/07 | | Security Deposits | | 1,600.00 | 1,600.00 |
| 12/30/07 | | Security Deposit Adjustment | Tenant Import | -1,600.00 | 0.00 |
| 07/01/15 | | Rent Charge | | 1,600.00 | 1,600.00 |
| 08/01/15 | | Rent Charge | | 1,600.00 | 3,200.00 |
| 09/01/15 | | Rent Charge | | 1,600.00 | 4,800.00 |
| 09/03/15 | CH#0994 | Rent Adjustment | | -2,000.00 | 2,800.00 |
| 10/01/15 | | Rent Charge | | 1,600.00 | 4,400.00 |
| 10/05/15 | CH# 0995 | Rent Adjustment | | -2,000.00 | 2,400.00 |
| 11/01/15 | | Rent Charge | | 1,600.00 | 4,000.00 |
| 11/05/15 | CH# 0996 | Rent Adjustment | | -2,000.00 | 2,000.00 |
| 12/01/15 | | Rent Charge | | 1,600.00 | 3,600.00 |
| 12/03/15 | CH# 0997 | Rent Adjustment | | -2,000.00 | 1,600.00 |
| 01/01/16 | | Rent Charge | | 1,600.00 | 3,200.00 |
| 02/01/16 | | Rent Charge | | 1,600.00 | 4,800.00 |
| 03/01/16 | | Rent Charge | | 1,600.00 | 6,400.00 |
| 04/01/16 | | Rent Charge | | 1,600.00 | 8,000.00 |
| 05/01/16 | | Rent Charge | | 1,600.00 | 9,600.00 |
| 05/10/16 | CH# 9102056577 | Rent Adjustment | | -800.00 | 8,800.00 |
| 05/10/16 | MO 2343764807B | Rent Adjustment | | -1,000.00 | 7,800.00 |
| 05/10/16 | MO 10723806414 | Rent Adjustment | | -1,000.00 | 6,800.00 |
| 05/10/16 | MO 10723806412 | Rent Adjustment | | -1,000.00 | 5,800.00 |
| 05/10/16 | MO 10723806413 | Rent Adjustment | | -1,000.00 | 4,800.00 |
| 06/01/16 | | Rent Charge | | 1,600.00 | 6,400.00 |
| 06/17/16 | CH# 9102139783 | Rent Adjustment | | -1,600.00 | 4,800.00 |
| 07/01/16 | | Rent Charge | | 1,600.00 | 6,400.00 |
| 08/01/16 | | Rent Charge | | 1,600.00 | 8,000.00 |
| 09/01/16 | | Rent Charge | | 1,600.00 | 9,600.00 |
| 09/01/16 | MO 10752438432 | Rent Adjustment | | -1,000.00 | 8,600.00 |
| 09/07/16 | MO 10752438433 | Rent Adjustment | | -800.00 | 7,800.00 |
| 10/01/16 | | Rent Charge | | 1,600.00 | 9,400.00 |
| 10/18/16 | CH#9102139996 | Rent Adjustment | | -1,600.00 | 7,800.00 |
| 11/01/16 | | Rent Charge | | 1,600.00 | 9,400.00 |
| 12/01/16 | | Rent Charge | | 1,600.00 | 11,000.00 |
| 12/06/16 | CH# 9102239307 | Rent Adjustment | | -3,200.00 | 7,800.00 |
| 01/01/17 | | Rent Charge | | 1,600.00 | 9,400.00 |
| 01/12/17 | EMO - 107624285 Payment Received | | | -1,000.00 | 8,400.00 |
| 01/12/17 | EMO - 107624231 Payment Received | | | -600.00 | 7,800.00 |
| 02/01/17 | | Rent Charge | | 1,600.00 | 9,400.00 |
| 03/01/17 | | Rent Charge | | 1,600.00 | 11,000.00 |
| 04/01/17 | | Rent Charge | | 1,600.00 | 12,600.00 |
| 05/01/17 | | Rent Charge | | 1,600.00 | 14,200.00 |
| 05/25/17 | | Security Deposits | Evicted 5/25 | -1,600.00 | 12,600.00 |
| 05/25/17 | | Bad Debt | Evicted 5/25 | -12,600.00 | 0.00 |

BARE HILL CORRECTIONAL FACILITY
CALLER BOX 20, 181 BRAND ROAD
MALONE, NEW YORK 12953
Pin. 20A0242 Curtis McDaniel

Bare Hill

Correctional Facility

NEOPOST
04/26/2021
US POSTAGE $001.80⁰

FIRST-CLASS MAIL

ZIP 12953
041M11277530

USM#3
SDNY

Pro Se Intake Unit
500 Pearl Street
New York, N.Y. 10007

Legal
Mail

RECEIVED
SDNY PRO SE OFFICE
2021 APR 28 PM 2: 29