UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CURTIS McDANIEL,

                Plaintiff,

-against-

THE PEOPLE OF THE CITY OF NEW YORK, et al,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _3/24/2022_

19 Civ. 11265 (AT) (RWL)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

ANALISA TORRES, District Judge:

      On December 6, 2019, Plaintiff *pro se*, Curtis McDaniel, filed a complaint pursuant to 42 U.S.C. § 1983. *See* ECF No. 2. Plaintiff amended his complaint three times. *See* ECF Nos. 9, 20, 37. In his third amended complaint, filed on April 28, 2021, Plaintiff alleges claims against Defendants the City of New York and police officers Christopher Zollino and Darion Brooks for false arrest, malicious prosecution, unlawful conditions of confinement, and other violations of his rights under the Constitution. *See generally* TAC, ECF No. 37. On July 12, 2021, Defendants filed a motion to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. ECF No. 41. Then, on July 13, 2021, the motion was referred to the Honorable Robert W. Lehrburger for a report and recommendation. ECF No. 46.

      Before the Court is Judge Lehrburger's Report and Recommendation (the "R&R"), dated February 15, 2022, which recommends that Defendants' motion to dismiss be granted, and the third amended complaint be dismissed with prejudice. R&R, ECF No. 60. Plaintiff timely filed objections to the R&R. Pl. Obj., ECF No. 61. For the reasons stated below, the Court ADOPTS the R&R in its entirety.

# DISCUSSION[1]

## I. Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the court reviews *de novo* those portions of the R&R to which objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3). However, "when a party makes only conclusory or general objections, or simply reiterates [their] original arguments," the court reviews the R&R strictly for clear error. *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014); *see also Bailey v. U.S. Citizenship & Immig. Servs.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings . . . do not trigger *de novo* review."). And, the Court may adopt those portions of the R&R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (citation omitted). An R&R is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted).

"*Pro se* parties are generally accorded leniency when making objections." *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008). "Nonetheless, even a *pro se* party's objections to a [r]eport and [r]ecommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Id.* (citation omitted).

---

[1] The Court presumes familiarity with the facts and procedural history, as detailed in the R&R, *see* R&R at 2–4, and, therefore, does not summarize them here.

II. Plaintiff's Objections

Plaintiff fails to make any specific objections to the R&R. Instead, he "simply reiterates [his] original arguments" before Judge Lehrburger, *Wallace*, 2014 WL 2854631, at *1, including his arguments regarding the applicable statute of limitations, Pl. Obj. at 1–4, and the facts he provided in support of his claims, *id*. at 4–6. Therefore, the Court reviews the R&R for only clear error to avoid "reduc[ing] the magistrate's work to something akin to a meaningless dress rehearsal." *Vega v. Artuz*, No. 97 Civ. 3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (quotation marks and citation omitted).

The Court has reviewed the thorough and well-reasoned R&R and finds no clear error. Accordingly, the Court ADOPTS the R&R in its entirety, GRANTS Defendants' motion to dismiss, and DISMISSES Plaintiff's third amended complaint with prejudice.

## CONCLUSION

For the foregoing reasons, the Court ADOPTS the R&R in its entirety, GRANTS Defendants' motion to dismiss, and DISMISSES Plaintiff's third amended complaint with prejudice.

The Clerk of Court is directed to close the case, and to mail a copy of this order, along with all unpublished cases cited therein, to Plaintiff *pro se*. The Clerk of Court is further directed to restrict the viewing level of the filing at ECF No. 58 to case participants because the filing contains Plaintiff's personal identifying information. *See* Fed. R. Civ. P. 52(a).

SO ORDERED.

Dated: March 24, 2022
      New York, New York

_____
ANALISA TORRES
United States District Judge